UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CUC HUYNH,<br><br>        Plaintiff,<br><br>v.<br><br>WAUKESHA COUNTY SHERIFF'S DEPARTMENT,<br><br>        Defendant. | Case No. 22-CV-168-JPS<br><br>**ORDER** |

  On February 10, 2022, Plaintiff Cuc Huynh ("Huynh"), proceeding pro se, filed a complaint purporting to allege violations of her constitutional rights by Defendant Waukesha County Sheriff's Department. ECF No. 1. Huynh also filed a motion to proceed without prepayment of the filing fee. ECF No. 2. In order to allow Huynh to proceed without paying the filing fee, the Court must first decide whether Huynh has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening a plaintiff's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Huynh's motion for leave to proceed without prepaying the filing fee and screens her case.

1.  **MOTION TO PROCEED IN FORMA PAUPERIS**

  On the question of indigence, although Huynh need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly

impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Huynh avers that she is unemployed and unmarried. ECF No. 2 at 1. She is responsible for supporting her fifteen-year-old son. *Id.* Her monthly income totals $1,020; her monthly expenditures, including funds spent to support her son, rent and/or mortgage, and credit card payments, total $1,600. *Id.* at 2–3. She does not own a car, a home, or any checking or savings accounts; nor does she own any other property of value. *Id.* at 3–4. The Court accepts that Huynh is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3. RELEVANT ALLEGATIONS

Huynh alleges that, on June 11, 2017, Officer Michael Truax ("Truax"), purportedly of Defendant Waukesha County Sheriff's Department, shot and killed Terry Williams ("Williams") at the Milwaukee lakefront. ECF No. 1 at 2. At the time of the shooting, Huynh alleges that Williams "was attempting to elude law enforcement." *Id.* Huynh further alleges that "[r]ecent video tape footage will show that the officer was never in danger of being struck by" Williams's car. *Id.*

### 4. ANALYSIS

The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Huynh's complaint may be construed as arising under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, "a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States;

Page 3 of 6
Case 2:22-cv-00168-JPS   Filed 04/01/22   Page 3 of 6   Document 5

and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

To begin, "the threshold question in every federal case" is "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (internal citations omitted). "When a governmental [action] causes specific harm to a third party, harm that a constitutional provision or statute was intended to prevent, the indirectness of the injury does not necessarily deprive the person of standing to vindicate his rights. But it may make it substantially more difficult." *Id.*

Indeed, when "a plaintiff's asserted injury arises from the government's allegedly unlawful [action towards] *someone else*, much more is needed." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992). This is because, under those circumstances, "[t]he existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts." *Id.* It thus becomes "the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such a manner as to produce causation and permit redressability of injury" as to the plaintiff. *Id.*

Here, Huynh failed to provide evidence of or plead the requisite personal stake in Williams's shooting in order to establish standing. Specifically, Huynh's complaint lacks allegations indicating how the Waukesha County Sheriff's Department, Truax, or Williams's alleged actions injured Huynh in *any* way, let alone so personally as to afford her standing to sue.

Second, as this case is currently pleaded, Waukesha County Sheriff's Department is not subject to suit. Governments are not liable for the civil-rights violations of their employees, such as Truax here, and may be liable under Section 1983 only if there is an underlying policy that caused the harm. *Monell v. Dep't of Soc. Servs. of City of New* York, 436 U.S. 658, 690 (1978). In the event that Huynh establishes standing, she must also allege that the harm she suffered was the result of a widespread policy, practice, or custom that would give rise to *Monell* liability on the part of Waukesha County Sheriff's Department.

5.  **CONCLUSION**

In light of these deficiencies in Huynh's complaint, the Court will provide her leave to amend and address the issues of standing and *Monell* liability. Huynh must file an amended complaint on or before **April 26, 2022**. If Huynh elects to amend, she must take care to (1) explain how she was injured, and (2) why Waukesha County Sheriff's Department should be held liable for the actions of its officer. Huynh may consider adding Truax as a defendant to this action.[1] If Huynh fails to do so, the Court will dismiss this action without prejudice. *See* Civ. L.R. 41(c).

The Court cautions Huynh that an amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Therefore, if Huynh chooses to file an amended complaint, she must reallege her claims against Defendant Waukesha County Sheriff's Department. Finally, if Huynh chooses to refile

---

[1] The Court believes that Huynh may have been Williams's wife. If that is the case, Huynh should amend her complaint to so state, in addition to remedying the other deficiencies noted by the Court.

her motion to proceed *in forma pauperis*, she must do so on or before **April 26, 2022**. Otherwise, Huynh must pay the filing fee to proceed with this action.

Accordingly,

**IT IS ORDERED** that Huynh's motion for leave to proceed *in forma pauperis*, ECF No. 2, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Huynh shall file an amended complaint in accordance with the terms of this Order on or before **April 26, 2022** or this action will be dismissed without prejudice for failure to prosecute; and

**IT IS FURTHER ORDERED** that, should Huynh choose to refile a motion to proceed *in forma pauperis*, she must do so on or before **April 26, 2022**; otherwise, Huynh must pay the filing fee to proceed with this action.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge